IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Sharon City School District,            )
and Brittany Benedetto                   )
    Plaintiffs,                              )
                                                        )
    vs.                                         )   Civil Action No. 9-213
                                                        )
Pennsylvania Interscholastic Athletic   )
Association, Inc. and Pennsylvania   )
Interscholastic Athletic Association    )
District 10,                                       )
    Defendants.                           )

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs Brittany Benedetto ("Benedetto") and Sharon City School District ("the School District") filed a Complaint and Petition for Preliminary Injunction in the Court of Common Pleas of Mercer County, Pennsylvania. The Defendants Pennsylvania Interscholastic Athletic Association, Inc. and Pennsylvania Interscholastic Athletic Association District 10 (hereinafter collectively referred to as "P.I.A.A.") removed the Complaint to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446. The Complaint has its roots in Benedetto's ejection from a Varsity Girls Basketball game on February 11, 2009. A PIAA official ejected Benedetto with fourteen seconds remaining in overtime following an altercation with a player from the other team. See Complaint, ¶12. According to PIAA rules, a player ejected from a contest by a registered official for unsportsmanlike conduct or flagrant misconduct is disqualified from participating in the remainder of the competition as well as the next day of

competition. Id., ¶21. Bendetto's "next day of competition" is scheduled for February 21, 2009, which is a playoff competition. Id., ¶25.

Benedetto and the School District contend that the lack of a procedural appeals process[1] for an ejection based upon unsportsmanlike conduct or flagrant misconduct constitutes a violation of the Procedural Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Pennsylvania Constitution. Id., ¶ 27. In addition, the Plaintiffs urge that the penalty imposed upon Benedetto is "arbitrary and capricious" because she never engaged in the alleged conduct and, as such, the penalty constitutes a violation of the Equal Protection Clause of the United States Constitution and the Pennsylvania Constitution. Id., ¶ 31. Benedetto and the School District seek an entry of preliminary injunctive relief consisting of a suspension of the remaining penalty - missing the game on February 21, 2009.

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" Dziewa v. PIAA, Civ. No. 8-5792, 2009 WL 113419 at * 3 (E.D. Pa. Jan. 16, 2009), quoting, Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) and Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). In determining whether to grant preliminary injunctive relief, I assess the following four factors:

(1) the likelihood that the applicant will prevail on the merits;

(2) the extent to which the applicant will suffer irreparable harm absent injunctive relief;

---

[1] The Plaintiffs' attempts to have the official and / or the PIAA review a videotape of the altercation were refused.

> (3) the extent to which the defendant will suffer irreparable harm if relief is granted; and
>
> (4) the public interest.

Dziewa, 2009 WL 113419 at * 3, quoting, S&R Corp. v. Jiffy Lube Int'l. Inc., 968 F.2d 371, 374 (3d Cir. 1992). "Courts will issue a preliminary injunction only where four factors weigh in favor of this extraordinary measure… ." Id.

The PIAA challenges, among other things, Benedetto's and the School District's ability to demonstrate "irreparable harm." See Defendant's Brief In Opposition to Plaintiffs' Petition for Preliminary Injunction, Docket No. [2]. To establish "irreparable harm," the applicant must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." Dziewa, 2009 WL 113419 at * 3, quoting, Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). The Complaint does not identify the nature of the irreparable harm. Nor during the two conferences held to discuss the requested relief did Plaintiffs precisely articulate the nature of the irreparable harm.

Nevertheless, it is well established that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm. See Dziewa, 2009 WL 113419 at * 7; Revesz v. PIAA, 798 A.2d 830, 837 (Pa. Commw. Ct. 2002) (stating that "the loss of an opportunity to play interscholastic athletics for one year does not constitute irreparable harm."); Sahene v. PIAA, Civ. No. 99-902 (W.D. Pa. July 19, 1999) (holding that "plaintiff will not suffer irreparable harm if he is not permitted to participate in interscholastic athletic competition during the 1999 or 2000 school year. Although Christopher Sahene is not eligible to play

football, defendant does not bar him from practicing with Fox Chapel's teams or coaching in the sport in which he is interested. Plaintiff is also free to participate in intermural activities as well as non-school-related athletic events."); Fortson v. Shaler Area School District, Civ. No. 92-2462 (W.D. Pa. Jan. 6, 1993) (holding the same); and Brownlee v. PIAA, Civ. No. 7-32 at Docket No. 18 (stating that "Plaintiff's motion for preliminary injunctive relief was denied for failure to demonstrate imminent irreparable harm") and transcript of proceedings, p. 99 (stating, "I cannot find, based on the record presented here this morning, that by missing less than half of this season the plaintiff will sustain immediate irreparable harm.") (citing, Sahene and Fortson); Cruz v. P.I.A.A., Civ. No. 00-5594, 2000 WL 1781933 at * 1 (E.D. Pa. Nov. 20, 2000) (denying a request for preliminary injunctive relief because "[n]ot being able to play on game day is certainly a disappointment but does not in my judgment constitute the type of harm warranting the extraordinary remedy of injunctive relief.").

Benedetto and the School District admit that they have no case law to counter that cited above. To the extent that the Plaintiffs contend that the "irreparable harm" consists of something other than the denial of an opportunity to participate in the February 21, 2009 game,[2] Plaintiffs failed to coherently identify what the irreparable harm would be. Certainly the possibility that the

---

[2] Again, Plaintiffs failed to coherently identify any such harm. Having sought leave at the eleventh hour, it was incumbent upon Plaintiffs who request the drastic remedy of injunctive relief, to come to Court armed with case law supporting their position that irreparable harm will ensue if injunctive relief is denied. Though Plaintiffs seek injunctive relief, they failed to provide this Court with any Brief, Memoranda or even informal citations to case law.

School District may lose a playoff game if Benedetto does not compete cannot constitute "irreparable harm." Further, the School District has no underlying property interest in its "reputation" which would merit the granting of injunctive relief. See Adamek v. PIAA, 57 Pa. Commw. 261, 426 A.2d 1206, 1208 n. 2 (1981) (stating that "[t]he interest of a school district in preserving its good reputation is not a property interest."). To the extent that Benedetto would argue that her reputation would be irreparably harmed if forced to miss tomorrow night's game, I find that argument unconvincing. Should Benedetto ultimately prevail and the suspension be reversed, her reputation will be restored because those interested will understand that her involvement in the altercation was based solely upon self-defense. To the extent that Benedetto contends she will suffer embarrassment and humiliation if forced to miss the game, she can be compensated for such pain and suffering should she ultimately prevail.

Because Plaintiffs failed to identify any irreparable harm, I need not hold a hearing prior to issuing an order denying injunctive relief. See Rottman v. PIAA, 349 F. Supp.2d 922, 928 (W.D. Pa. 2004) (stating "[a] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." See Bradley v. Pittsburgh Bd. Of Ed., 910 F.2d 1172, 1176 (3d Cir. 1990)). Nor do I need to address the other arguments offered in contravention of the requested relief.

AND NOW, this 20th day of February, the request for Preliminary Injunctive Relief set forth in the Complaint is denied.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge